This is an appeal from an order setting aside a judgment by default entered at September Term, 1915, of the Superior Court of Robeson County.
The summons was issued on 6 September, 1915, and served on 15 September, 1915. The complaint and a lis pendens were filed in the clerk's office on 7 September, 1915.
The court finds the facts to be as stated in the affidavits of R. C. Lawrence for the defendant and T. A. McNeill, Jr., for the plaintiff, and it appears therefrom that as soon as the summons was served the defendant went to Lumberton and employed the firm of McIntyre, Lawrence Proctor to represent him in the action, and that they accepted the employment; that Mr. Lawrence went immediately to the clerk's office to get the complaint in order that he might find out the nature of the action and might prepare the answer; that he found in the clerk's office the file containing the summons, bond, and notice of lis pendens, but that the complaint was not in the file and could not be found; that Mr. Lawrence then informed the defendant, (313) that the complaint could not be found, and that the answer could not be prepared until it could be located; that defendant could go home, and he would be notified as soon as the complaint could be found, so that he might return, and have his answer prepared; that within a few days thereafter defendant again went to Lumberton and again his counsel went to the clerk's office to get the complaint, but it could not be found; that thereafter defendant's counsel went to clerk's office several times to get the complaint, but it could not be found; that thereafter one of the defendant's counsel in making another search for the complaint found the file containing the summons, bond, notice of lis pendens, and a judgment by default which had been rendered at September term, but still the complaint was not in the file; that this was the first notice that the defendant or his counsel had that any default judgment had been rendered; that the original complaint had not been found, and that the defendant has filed an answer setting up a meritorious defense, which he was able to do by reason of the stenographer of the plaintiff's counsel furnishing him a copy of the complaint; that the counsel of the defendant upon the filing the answer served notice of the motion to set aside the judgment; that the defendant has a meritorious defense. *Page 370 
His Honor set aside the judgment by default, and the plaintiff excepted and appealed.
We fail to see any negligence on the part of the defendant; on the contrary, he appears to have been unusually diligent. He employed resident counsel as soon as the summons was served, and he used all reasonable means to prepare his defense.
We, therefore, conclude that there was no error in setting aside the judgment by default, as the motion was made within less than twelve months from the rendition of the judgment.
We will not pass on the question as to the regularity of the judgment at this time, but it is doubtful if any cause of action is alleged in the complaint under Gaylord v. Gaylord, 150 N.C. 222, holding that a parol trust cannot be engrafted in favor of the grantor upon a deed conveying the absolute title to the grantee.
Affirmed.
Cited: Walters v. Walters, 172 N.C. 330 S. c.; Thomas v. Carteret,182 N.C. 380 (p); Blue v. Wilmington, 186 N.C. 327 (p);Williams v. McRackan, 186 N.C. 384 (j).
(314)